FILED

2017 May-09  PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DEMETRIA HANNAH** | ) |
|    **Plaintiff,** | ) |
| | ) |
|   **v.** | ) |
| | )      **Civil Action No.:** |
| **KMG ENTERPRISES, INC. d/b/a** | ) |
| **IHOP #4418,** | ) |
| | ) |
|    **Defendants.** | ) |
| | ) |
| | ) |

---

## NOTICE OF REMOVAL

---

## "EXHIBIT A"

ELECTRONICALLY FILED
3/27/2017 3:05 PM
01-CV-2017-901229.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br><br>Date of Filing:<br>03/27/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DEMETRIA HANNAH v. KMG ENTERPRISES D/B/A IHOP #4418

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other
**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING       A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER
R ☐ REMANDED       T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| WIL363 | 3/27/2017 3:05:46 PM | /s/ SARA LEIGH WILLIAMS |
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**    ☐ YES  ☐ NO  ☑ UNDECIDED

ELECTRONICALLY FILED
5/8/2017 3:05 PM
01-CV-2017-901229.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **DEMETRIA HANNAH,** | ) | |
| an individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** _____ |
| | ) | |
| **KMG ENTERPRISES, INC. d/b/a** | ) | |
| **IHOP #4418, a foreign corporation;** | ) | |
| | ) | |

**FICTITIOUS DEFENDANTS:** No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the food served at the subject premises; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Demetria Hannah and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location and food served at the premises in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions at the premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Demetria Hannah; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety of the food being served to Plaintiff, Demetria Hannah, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity  or those entities who or which manufactured or distributed the food, including any and all components utilized to make the food served to the Plaintiff at the time of the occurrence made the basis of Plaintiff's complaint;  No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before

said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit;  No. 10, whether singular or plural, that person, persons entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit;  No. 11, whether singular or plural, that entity or those entities described above, whose breach of contract or breach of warranty contributed to cause the occurrence made the basis of this lawsuit;  No. 12 whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;  No. 13, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its food service employees who prepared food at the subject premises;  No. 14, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 15, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 16, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of preparing, inspecting, cooking, and serving food at the the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Demetria Hannah, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

)

**Defendants.**

## **COMPLAINT**

**COMES NOW**, Demetria Hannah (hereinafter, "Plaintiff"), by and through undersigned counsel, and hereby sets forth the following as her Complaint against Defendants and alleges the causes of action as follows

## **PARTIES**

1.     Plaintiff Demetria Hannah, (hereinafter may be referred to as "Plaintiff"), is an individual over the age of 19 years and a resident of Jefferson County, Alabama.

2

2.      Defendant KMG Enterprises, Inc. d/b/a IHOP #4418 ("IHOP") is a Kansas corporation, operating the IHOP restaurant #4418 located at 221 State Farm Parkway; Homewood, Alabama in Jefferson County, Alabama and is believed to be authorized to do business in the State of Alabama and conducts business within Jefferson County, Alabama.

3.      At the time and place made the basis of this lawsuit, and for some time prior thereto, the other fictitious party defendants are described as follows: **No. 1,** whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the food served at the subject premises**; No. 2,** whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Demetria Hannah and other invitees at the premises in question in this lawsuit**; No. 3,** whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions at the premises in question and at issue in this lawsuit**;  No. 4,** whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Demetria Hannah;   **No. 5,** whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit**; No. 6,** whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the premises in question and at issue in this lawsuit**; No. 7,** whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety of the food being served to Plaintiff, Demetria Hannah, while at the premises involved in the occurrence made the basis of this suit**; No. 8,** whether singular or plural, that entity  or those entities who or which manufactured or distributed the food, including any and all components utilized to make the food served to the Plaintiff at the time of the occurrence made the basis of Plaintiff's complaint**; No. 9,** whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit**;  No. 10,** whether singular or plural, that person, persons entity

3

or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; **No. 11,** whether singular or plural, that entity or those entities described above, whose breach of contract or breach of warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 12** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 13,** being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its food service employees who prepared food at the subject premises; **No. 14,** being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; **No. 15,** being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; **No. 16**, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of preparing, inspecting, cooking, and serving food at the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Demetria Hannah, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over the parties to this action and over the subject matter of this action.  Venue is proper in this Court pursuant to § 6-3-2 and § 6-3-7, *Code of Alabama* (1975) in that actions against individuals may be brought in the county in which the act or omission occurred and an action against an foreign corporation may be commenced in any county where such organization or association does business or has in existence a branch or local entity. The amount of damages being claimed by the Plaintiff exceed the jurisdictional minimum of this Court.

## STATEMENT OF FACTS

5.     The Plaintiff re-alleges the paragraphs above as if set out in full herein.

6.     On or about February 19, 2017 the Plaintiff along with her husband, minor grandson and minor granddaughter went to the IHOP restaurant located at 221 State Farm Parkway; Homewood, Alabama to have dinner at the request of the Plaintiff's minor granddaughter.

7.     The subject IHOP restaurant is upon information and belief owned and operated by Defendant KMG Enterprises, Inc.

8.     After being seated, the Plaintiff and her family ordered their meals.  The Plaintiff ordered French toast and sausage.

9.     While consuming her meal the Plaintiff felt something become lodged in her throat, which caused her to have difficulty breathing.

10.     As a result, she ran to the women's bathroom along with her minor grandson.  While in the women's bathroom the Plaintiff attempted to dislodge the material in her throat by vomiting.

11.     The Plaintiff was unable to dislodge the material lodged in her throat by vomiting and for that reason proceeded to place her fingers in the back of her throat in an attempt to pull out the material.

12.     The Plaintiff was able to pull out the material that had become lodged in her throat and she placed it onto the counter in the bathroom.

13.     Upon inspection of this material the Plaintiff and her minor grandson observed a condom amongst the chewed up food that Plaintiff had consumed.

14.     Plaintiff's minor grandson went and retrieved the Plaintiff's husband who also observed the condom and contacted the Homewood Police Department.

15.     The Plaintiff was treated by emergency medical personnel and transported to the hospital where she received additional treatment.

## COUNT I
## NEGLIGENCE

16.     The Plaintiff re-alleges the paragraphs above as if set out in full herein.

17.     At the time of the events made the basis of this Complaint, the Plaintiff was a business invitee of Defendant KMG Enterprises d/b/a IHOP #4418.

18.     At all times pertinent hereto, Defendant and one or more of the fictitious party Defendants had a duty to exercise reasonable care in the preparation of the food served to Plaintiff.

19.     At all times pertinent hereto Defendant and one or more of the fictitious party Defendants had a duty to sell food that was merchantable.

20.     At all times pertinent hereto Defendant and one or more of the fictitious party Defendants had a duty to sell food that was not unreasonably dangerous.

21.     At all times pertinent hereto Defendant and one or more of the fictitious party Defendants, had a duty to exercise the same degree of care that Defendant and its employees would exercise in the selection and preparation of food for their own private table.

22.     Defendants breached their duties to exercise reasonable care in the preparation of the food served to Plaintiff, to sell food that was merchantable, to sell food that was not unreasonably dangerous and to exercise the same degree of care that Defendants would exercise in the selection and preparation of food for their own private table by negligently causing, permitting, allowing a condom to be served to Plaintiff with her French toast.

23.     The negligent conduct of all Defendants is the actual and proximate cause of the Plaintiff's injuries and damages stated herein.

6

24.     As a result of the Defendants' negligence, the Plaintiff has suffered injuries and damages including, but not limited to physical ailments; physical pain and suffering; severe mental anguish and medical expenses.

**WHEREFORE**, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

## COUNT II
## WANTONNESS

25.     The Plaintiff re-alleges the paragraphs above as if set out in full herein.

26.     Defendant and its employees and one or more of the fictitious party Defendants breached their duties to exercise reasonable care in the preparation of the food served to Plaintiff, to sell food that was merchantable, to duty to sell food that was not unreasonably dangerous and to exercise the same degree of care that Defendant and its employees and one or more of the fictitious party Defendants, would exercise in the selection and preparation of food for their own private table by reckless or wantonly causing, permitting, allowing a condom to be served to Plaintiff with her French toast.

27.     The reckless and/or wanton conduct of the Defendants is the actual and proximate cause of the Plaintiff's injuries and damages stated herein.

28.     As a result of the Defendants' reckless and/or wanton conduct, the Plaintiff has suffered injuries and damages including, but not limited to physical ailments; physical pain and suffering; severe mental anguish and medical expenses. The Plaintiff claims damages, both compensatory and punitive, against the Defendants for the reckless and/or wanton actions and/or inactions described herein.

**WHEREFORE**, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

## COUNT III
## NEGLIGENT/WANTON HIRING, TRAINING, AND SUPERVISION

29.    The Plaintiff re-alleges the paragraphs above as if fully set out herein.

30.    The Plaintiff alleges that the Defendant and one or more of the fictitious party Defendants failed to exercise proper care and diligence to ensure that their agents, servants and/or employees who were responsible for preparing and serving the food at issue served and/or prepared food that is merchantable, not unreasonably dangerous and prepared in such a way as those agents, servants and/or employees would prepare food for their own private tables.

31.    Defendants had a duty to ensure that all employees entrusted with the preparation of food at the premises at issue were adequately hired, trained and/or supervised to prepare and serve such food in a safe and responsible manner. Defendant is therefore responsible for all acts committed by those employees who were not adequately hired, trained and/or supervised to maintain said premises in a responsible manner, within the line and scope of their employment and of their agency.

32.    The Defendants' failure to exercise proper care and diligence to ensure their agents, servants and/or employees who prepared and served food at the subject premises is the actual and proximate cause of Plaintiff's injuries.

33.     As a result of the Defendants' failure to exercise proper care and diligence to ensure their agents, servants and/or employees who prepared and served food at the subject premises would do so in a careful and responsible manner, was the proximate cause of Plaintiff's injuries.

34.     The Plaintiff has suffered injuries and damages including, but not limited to physical ailments; physical pain and suffering; severe mental anguish and medical expenses.

**WHEREFORE**, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

## COUNT V

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

35.     The Plaintiff re-alleges the paragraphs above as if fully set out herein.

36.     At all times pertinent to the subject action the Defendant KMG Enterprises, Inc. and one or more of the fictitious party Defendants were in the business of selling prepared food items such as the French toast the Plaintiff ordered and which was served to her by Defendant's employees.

37.     This French toast sold to Plaintiff contained an unwrapped condom and as such was not fit for consumption.

38.     Defendants' failure to serve Plaintiff food that was not fit for consumption is a beach of the implied warranty of merchantability of said food.

39.     Defendants' breach of the implied warranty of merchantability of the French toast served to Plaintiff was the actual and proximate cause of Plaintiff's injuries.

9

40.     As a result of the Defendants' breach of the implied warranty of merchantability, the Plaintiff has suffered injuries and damages including, but not limited to physical ailments; physical pain and suffering; severe mental anguish and medical expenses. The Plaintiff claims damages, both compensatory and punitive, against the Defendants for the reckless and/or wanton actions and/or inactions described herein.

WHEREFORE, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

## COUNT VI

## ALABAMA EXTENDED MANUFACTUERS LIABLITY DOCTRINE

41.     The Plaintiff re-alleges the paragraphs above as if fully set out herein.

42.     At the aforesaid time and place, and for some time prior thereto, the Defendant and one or more of the fictitious party Defendants were engaged in the business of preparing and selling food products for the consumption of members of the general public, in this case that food product was French toast.  Said Defendants, during said period of time and for valuable consideration, created, manufactured, sold, and/or distributed the French toast, including some or all of the ingredients used to make the subject French toast, which led to Plaintiff's injuries.

43.     At all times pertinent to this Complaint, the French toast served was substantially in the same condition as when manufactured, sold, and/or distributed, and was being consumed in a manner that was foreseeable.  The subject French toast was not reasonably safe when consumed in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous to the

human body when being so consumed.  Said Defendants knew, or in the exercise of reasonable care should have known, that said French toast was unreasonably dangerous to the human body when being so consumed in the foreseeable manner.

44.    The foregoing wrongful conduct of said Defendants, was the approximate cause of Plaintiff's injuries as mentioned herein and rendered said Defendants liable to the Plaintiff pursuant to the Alabama Extended Manufactures Liability Doctrine.

**WHEREFORE**, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

*/s/    Sara L. Williams*
Sara L. Williams (WIL363)
Alexander Shunnarah (SHU019)
Attorneys for Plaintiff

OF COUNSEL:
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8140
Facsimile:      (205) 983-8440
Email:          swilliams@asilpc.com

## REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the **_Clerk_** direct service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

KMG Enterprises d/b/a IHOP#4418
c/o Karen J. Garrett
17619 W 66th Terr
Shawnee, Kansas 66217

12

ELECTRONICALLY FILED
3/27/2017 3:05 PM
01-CV-2017-901229.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| DEMETRIA HANNAH,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>KMG ENTERPRISES, INC. d/b/a<br>IHOP #4418, a foreign corporation; | )<br>)<br>)<br>)<br>)<br>)    CASE NO.: _____<br>)<br>)<br>)<br>) |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
### DEFENDANT KMG ENTERPRISES, INC.

COMES NOW Plaintiff in the above-styled cause and, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, propounds to Defendant, KMG Enterprises, Inc. d/b/a IHOP #4418, the following interrogatories to be answered and responded to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter and (b.) matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know that the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence at IHOP #4418, located in Jefferson County, Alabama; which caused injury to Plaintiff.

**INTERROGATORIES**

1.     Are you named correctly in the complaint?  If not, how should you be correctly designated in an action at law?

**RESPONSE:**

- 2 -

2.     Please list and identify each employee of this Defendant who has knowledge, in any way, of the incident made the basis of this suit.

**RESPONSE:**

3.     Please state the most current information regarding the name, address and telephone number of every employee who worked on February 19, 2017, at the IHOP Restaurant #4418, located in Jefferson County, Alabama; where the incident made the basis of this suit occurred and state his/her position and job responsibilities.

**RESPONSE:**

4.     Please identify each person who has knowledge concerning the facts surrounding the incident made the basis of this suit.

**RESPONSE:**

5.     Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

**RESPONSE:**

6.     Please identify the person, firm and/or corporation who was responsible for the preparation of the food Plaintiff was served on the date of the subject incident.

**RESPONSE:**

7.     Please identify the person, firm and/or corporation who was responsible for serving the food Plaintiff was served on the date of the subject incident.

**RESPONSE:**

8.      Please identify the ingredients utilized to make the French toast served to Plaintiff on the date of the subject incident, include in your response any and all manufacturers of those ingredients.

**RESPONSE:**

9.      Describe in detail how this Defendant's employees are instructed to make the French toast dish that was ordered by Plaintiff on the date of the subject incident, including in your response the name of the manufacturer or distributor for any and all products utilized during this process.

**RESPONSE:**

10.     Identify whether or not this Defendant served frozen French toast to the Plaintiff on the date of the subject incident made the basis of Plaintiff's Complaint.  If the response is in the affirmative please identify the names of the manufacturer and/or distributor of said products.

**RESPONSE:**

11.     If this Defendant utilizes a video surveillance system in the subject premises, identify each and every area of the subject premises that can be observed as a result of said video surveillance system.

**RESPONSE:**

12.     Please identify the full name of any and all employees of this Defendant who would have had access to the kitchen on the date of the subject incident.  Include in your response the address and telephone number of any non-managerial employee.

**RESPONSE:**

- 4 -

13.     Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts.  Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

**RESPONSE:**

14.     Please state in detail each and every fact known to you or made known to you through third parties concerning how the incident made the basis of this suit occurred and identify each said person.

**RESPONSE:**

15.     If you contend that Plaintiff, Demetria Hannah, was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

16.     If you contend that Plaintiff, Demetria Hannah, assumed the risk of her injuries, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

17.     If you contend the condom in the French toast served to Plaintiff, Demetria Hanna was open and obvious, then please state each and every fact upon which you rely.

**RESPONSE:**


18.    Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the presence of a condom in the French toast served to Demetria Hannah on February 19, 2017.

**RESPONSE:**

19.    Please state whether you have any policy, procedure or safety program instituted aimed at preventing and/or detecting the presence of foreign objects in food.  If so, please state the substance of said policy, procedure or safety program.

**RESPONSE:**

20.    Please state precisely and descriptively the location at the store where the event made the basis of this suit occurred.

**RESPONSE:**

21.    Please identify by name and address the individual responsible for answering these interrogatories.

**RESPONSE:**

22.    Have you been advised that these interrogatories and the accompanying requests for production are required to be answered under oath?

**RESPONSE:**

23.    Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

**RESPONSE:**

24.     For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

**RESPONSE:**

/s/     Sara L. Williams
Sara L. Williams (WIL363)
Alexander Shunnarah (SHU019)
Attorneys for Plaintiff

OF COUNSEL:
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8140
Facsimile:     (205) 983-8440
Email:          swilliams@asilpc.com

**TO BE SERVED ALONG WITH THE COMPLAINT AS FOLLOWS:**

KMG Enterprises d/b/a IHOP#4418
c/o Karen J. Garrett
17619 W 66th Terr
Shawnee, Kansas 66217

ELECTRONICALLY FILED
3/27/2017 3:05 PM
01-CV-2017-901229.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| DEMETRIA HANNAH, ) | |
| an individual, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: _____ |
| ) | |
| KMG ENTERPRISES, INC. d/b/a ) | |
| IHOP #4418, a foreign corporation; ) | |
| ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT KMG ENTERPRISES, INC.

COMES NOW Plaintiff in the above-styled cause and, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, propounds to Defendant, KMG Enterprises, Inc. d/b/a IHOP #4418, the following interrogatories to be answered and responded to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter and (b.) matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know that the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence at IHOP #4418, located in Jefferson County, Alabama; which caused injury to Plaintiff.

**INTERROGATORIES**

1.      Are you named correctly in the complaint?  If not, how should you be correctly designated in an action at law?

**RESPONSE:**

- 2 -

2.      Please list and identify each employee of this Defendant who has knowledge, in any way, of the incident made the basis of this suit.

**RESPONSE:**

3.      Please state the most current information regarding the name, address and telephone number of every employee who worked on February 19, 2017, at the IHOP Restaurant #4418, located in Jefferson County, Alabama; where the incident made the basis of this suit occurred and state his/her position and job responsibilities.

**RESPONSE:**

4.      Please identify each person who has knowledge concerning the facts surrounding the incident made the basis of this suit.

**RESPONSE:**

5.      Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

**RESPONSE:**

6.      Please identify the person, firm and/or corporation who was responsible for the preparation of the food Plaintiff was served on the date of the subject incident.

**RESPONSE:**

7.      Please identify the person, firm and/or corporation who was responsible for serving the food Plaintiff was served on the date of the subject incident.

**RESPONSE:**

8. Please identify the ingredients utilized to make the French toast served to Plaintiff on the date of the subject incident, include in your response any and all manufacturers of those ingredients.

**RESPONSE:**

9. Describe in detail how this Defendant's employees are instructed to make the French toast dish that was ordered by Plaintiff on the date of the subject incident, including in your response the name of the manufacturer or distributor for any and all products utilized during this process.

**RESPONSE:**

10. Identify whether or not this Defendant served frozen French toast to the Plaintiff on the date of the subject incident made the basis of Plaintiff's Complaint. If the response is in the affirmative please identify the names of the manufacturer and/or distributor of said products.

**RESPONSE:**

11. If this Defendant utilizes a video surveillance system in the subject premises, identify each and every area of the subject premises that can be observed as a result of said video surveillance system.

**RESPONSE:**

12. Please identify the full name of any and all employees of this Defendant who would have had access to the kitchen on the date of the subject incident. Include in your response the address and telephone number of any non-managerial employee.

**RESPONSE:**

13.     Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts.  Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

**RESPONSE:**


14.     Please state in detail each and every fact known to you or made known to you through third parties concerning how the incident made the basis of this suit occurred and identify each said person.

**RESPONSE:**

15.     If you contend that Plaintiff, Demetria Hannah, was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

16.     If you contend that Plaintiff, Demetria Hannah, assumed the risk of her injuries, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**


17.     If you contend the condom in the French toast served to Plaintiff, Demetria Hanna was open and obvious, then please state each and every fact upon which you rely.

- 5 -

**RESPONSE:**

18.     Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the presence of a condom in the French toast served to Demetria Hannah on February 19, 2017.

**RESPONSE:**

19.     Please state whether you have any policy, procedure or safety program instituted aimed at preventing and/or detecting the presence of foreign objects in food.  If so, please state the substance of said policy, procedure or safety program.

**RESPONSE:**

20.     Please state precisely and descriptively the location at the store where the event made the basis of this suit occurred.

**RESPONSE:**

21.     Please identify by name and address the individual responsible for answering these interrogatories.

**RESPONSE:**

22.     Have you been advised that these interrogatories and the accompanying requests for production are required to be answered under oath?

**RESPONSE:**

23.     Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

**RESPONSE:**

24.     For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

**RESPONSE:**

/s/    Sara L. Williams
Sara L. Williams (WIL363)
Alexander Shunnarah (SHU019)
Attorneys for Plaintiff

OF COUNSEL:
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:        (205) 983-8140
Facsimile:    (205) 983-8440
Email:        swilliams@asilpc.com


 **TO BE SERVED ALONG WITH THE COMPLAINT AS FOLLOWS:**

KMG Enterprises d/b/a IHOP#4418
c/o Karen J. Garrett
17619 W 66th Terr
Shawnee, Kansas 66217



AlaFile E-Notice

01-CV-2017-901229.00

To:   SARA LEIGH WILLIAMS
      swilliams@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418
01-CV-2017-901229.00

The following complaint was FILED on 3/27/2017 3:05:57 PM

Notice Date:      3/27/2017 3:05:57 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-901229.00

To:   KMG ENTERPRISES D/B/A IHOP #4418
      C/O KAREN J. GARRETT
      17619 W 66TH TERR
      SHAWNEE, KS, 66217

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418
01-CV-2017-901229.00

The following complaint was FILED on 3/27/2017 3:05:57 PM

Notice Date:     3/27/2017 3:05:57 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2017-901229.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418

KMG ENTERPRISES D/B/A IHOP #4418, C/O KAREN J. GARRETT 17619 W 66TH TERR, SHAWNEE, KS 66217

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY SARA LEIGH WILLIAMS

WHOSE ADDRESS IS 3626 Clairmont Avenue, BIRMINGHAM, AL 35222

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DEMETRIA HANNAH
pursuant to the Alabama Rules of the Civil Procedure

Date   3/27/2017 3:05:57 PM      /s/ ANNE-MARIE ADAMS

Clerk/Register

JEFFERSON COUNTY, ALABAMA

716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

☑ Certified Mail is hereby requested      /s/ SARA LEIGH WILLIAMS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____                  _____                  _____
Date                                     Server's Signature                       Address of Server

_____                  _____                  _____
Type of Server                           Server's Printed Name                    

_____
Phone Number of Server



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418

01-CV-2017-901229.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $8.13

Parties to be served by Certified Mail - Return Receipt Requested

KMG ENTERPRISES D/B/A IHOP #4418                         Postage: $8.13
C/O KAREN J. GARRETT
17619 W 66TH TERR
SHAWNEE, KS 66217

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$  CV2017 901239 s/c

Total Postage and Fees
$

Sent To   KMG Enterprises

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7016 0340 0000 7882 8259

PS Form 3800, April 2015 PSN 7530-02-000-9047         See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   KMG ENTERPRISES D/B/A IHOP #4418
   C/O KAREN J. GARRETT
   17619 W 66TH TERR
   SHAWNEE, KS 66217

   CV2017 901239 s/c

   9590 9402 2179 6193 6863 81

2. Article Number *(Transfer from service label)*
   7016 0340 0000 7882 8259

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ............ Mail
☐ ............ Mail Restricted Delivery
                        ))
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053         Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KMG ENTERPRISES D/B/A IHOP #4418
C/O KAREN J. GARRETT
17619 W 66TH TERR
SHAWNEE, KS 66217

9590 9402 2179 6193 6863 81

2. Article Number (Transfer from service label)

7016 0340 0000 7682 8259

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ANNE-MARIE AD
ROOM 400 JEFF
716 RICHARD AL
BIRMINGHAM, ALABAMA 35203

To: KMG ENTERPRISES D/B/A IHOP #4418
C/O KAREN J. GARRETT
17619 W 66TH TERR
SHAWNEE, KS. 66217

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

APR 10 2017

ANNE-MARIE ADAMS
CLERK

7016 0340 0000 7882 8259

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

US POSTAGE>>PITNEY BOWES

ZIP 35203
02 1W
0001394750 MAR 30 2017

$008.13°



FORWARD TIME EXP   216F8604/06/17
GARRETT KAREN J   RTN TO SEND
13820 METCALF AVE APT 11320
OVERLAND PARK KS 66223-7874

808 NEE 1

RETURN TO SENDER



AlaFile E-Notice

01-CV-2017-901229.00

Judge: CAROLE C. SMITHERMAN

To:  WILLIAMS SARA LEIGH
swilliams@asilpc.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418
01-CV-2017-901229.00

The following matter was not served on 4/12/2017

**D001 KMG ENTERPRISES D/B/A IHOP #4418**
**Corresponding To**
UNCLAIMED CERT MAIL

FORWARD TIME EXPIRED - SEE ADDRESS ON RETURN  -  S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-901229.00

Judge: CAROLE C. SMITHERMAN

To:   SHUNNARAH OMAR ALEXANDER
      3626 CLAIRMONT AVE S
      BIRMINGHAM, AL, 35222-3508

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418
01-CV-2017-901229.00

The following matter was not served on 4/12/2017

**D001 KMG ENTERPRISES D/B/A IHOP #4418**

**Corresponding To**

UNCLAIMED CERT MAIL

FORWARD TIME EXPIRED - SEE ADDRESS ON RETURN  -  S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



ELECTRONICALLY FILED
4/03/2017 12:59 PM
01-CV-2017-901229.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

AlaFile E-Notice

01-CV-2017-901229.00

To:   SARA LEIGH WILLIAMS
       swilliams@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418
01-CV-2017-901229.00

The following complaint was FILED on 3/27/2017 3:05:57 PM

Notice Date:     3/27/2017 3:05:57 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
3/27/2017 3:05 PM
01-CV-2017-901229.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br><br>Date of Filing:<br>03/27/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DEMETRIA HANNAH v. KMG ENTERPRISES D/B/A IHOP #4418

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

WIL363   3/27/2017 3:05:46 PM   /s/ SARA LEIGH WILLIAMS
Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

DOCUMENT 2

ELECTRONICALLY FILED
3/27/2017 3:05 PM
01-CV-2017-901229.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| **DEMETRIA HANNAH,** ) | |
| an individual, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:** _____ |
| ) | |
| **KMG ENTERPRISES, INC. d/b/a** ) | |
| **IHOP #4418, a foreign corporation;** ) | |
| ) | |

**FICTITIOUS DEFENDANTS:** No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the food served at the subject premises; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Demetria Hannah and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location and food served at the premises in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions at the premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Demetria Hannah; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety of the food being served to Plaintiff, Demetria Hannah, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity  or those entities who or which manufactured or distributed the food, including any and all components utilized to make the food served to the Plaintiff at the time of the occurrence made the basis of Plaintiff's complaint;  No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before

said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit;  No. 10, whether singular or plural, that person, persons entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit;  No. 11, whether singular or plural, that entity or those entities described above, whose breach of contract or breach of warranty contributed to cause the occurrence made the basis of this lawsuit;  No. 12 whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;  No. 13, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its food service employees who prepared food at the subject premises;  No. 14, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 15, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 16, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of preparing, inspecting, cooking, and serving food at the the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Demetria Hannah, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

)

**Defendants.**

## COMPLAINT

**COMES NOW**, Demetria Hannah (hereinafter, "Plaintiff"), by and through undersigned counsel, and hereby sets forth the following as her Complaint against Defendants and alleges the causes of action as follows

## PARTIES

1.     Plaintiff Demetria Hannah, (hereinafter may be referred to as "Plaintiff"), is an individual over the age of 19 years and a resident of Jefferson County, Alabama.

2

2.      Defendant KMG Enterprises, Inc. d/b/a IHOP #4418 ("IHOP") is a Kansas corporation, operating the IHOP restaurant #4418 located at 221 State Farm Parkway; Homewood, Alabama in Jefferson County, Alabama and is believed to be authorized to do business in the State of Alabama and conducts business within Jefferson County, Alabama.

3.      At the time and place made the basis of this lawsuit, and for some time prior thereto, the other fictitious party defendants are described as follows: **No. 1,** whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the food served at the subject premises**; No. 2,** whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Demetria Hannah and other invitees at the premises in question in this lawsuit**; No. 3,** whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions at the premises in question and at issue in this lawsuit**; No. 4,** whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Demetria Hannah;  **No. 5,** whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the premises in question and at issue in this lawsuit**; No. 6,** whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the premises in question and at issue in this lawsuit**; No. 7,** whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety of the food being served to Plaintiff, Demetria Hannah, while at the premises involved in the occurrence made the basis of this suit**; No. 8,** whether singular or plural, that entity  or those entities who or which manufactured or distributed the food, including any and all components utilized to make the food served to the Plaintiff at the time of the occurrence made the basis of Plaintiff's complaint**; No. 9,** whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit;  **No. 10,** whether singular or plural, that person, persons entity

or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; **No. 11,** whether singular or plural, that entity or those entities described above, whose breach of contract or breach of warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 12** whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 13,** being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its food service employees who prepared food at the subject premises; **No. 14,** being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; **No. 15,** being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; **No. 16**, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of preparing, inspecting, cooking, and serving food at the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Demetria Hannah, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the parties to this action and over the subject matter of this action.  Venue is proper in this Court pursuant to § 6-3-2 and § 6-3-7, *Code of Alabama* (1975) in that actions against individuals may be brought in the county in which the act or omission occurred and an action against an foreign corporation may be commenced in any county where such organization or association does business or has in existence a branch or local entity. The amount of damages being claimed by the Plaintiff exceed the jurisdictional minimum of this Court.

## STATEMENT OF FACTS

5.      The Plaintiff re-alleges the paragraphs above as if set out in full herein.

6.      On or about February 19, 2017 the Plaintiff along with her husband, minor grandson and minor granddaughter went to the IHOP restaurant located at 221 State Farm Parkway; Homewood, Alabama to have dinner at the request of the Plaintiff's minor granddaughter.

7.      The subject IHOP restaurant is upon information and belief owned and operated by Defendant KMG Enterprises, Inc.

8.      After being seated, the Plaintiff and her family ordered their meals.  The Plaintiff ordered French toast and sausage.

9.      While consuming her meal the Plaintiff felt something become lodged in her throat, which caused her to have difficulty breathing.

10.     As a result, she ran to the women's bathroom along with her minor grandson.  While in the women's bathroom the Plaintiff attempted to dislodge the material in her throat by vomiting.

11.     The Plaintiff was unable to dislodge the material lodged in her throat by vomiting and for that reason proceeded to place her fingers in the back of her throat in an attempt to pull out the material.

12.     The Plaintiff was able to pull out the material that had become lodged in her throat and she placed it onto the counter in the bathroom.

13.     Upon inspection of this material the Plaintiff and her minor grandson observed a condom amongst the chewed up food that Plaintiff had consumed.

14.     Plaintiff's minor grandson went and retrieved the Plaintiff's husband who also observed the condom and contacted the Homewood Police Department.

15.     The Plaintiff was treated by emergency medical personnel and transported to the hospital where she received additional treatment.

## COUNT I
## NEGLIGENCE

16.     The Plaintiff re-alleges the paragraphs above as if set out in full herein.

17.     At the time of the events made the basis of this Complaint, the Plaintiff was a business invitee of Defendant KMG Enterprises d/b/a IHOP #4418.

18.     At all times pertinent hereto, Defendant and one or more of the fictitious party Defendants had a duty to exercise reasonable care in the preparation of the food served to Plaintiff.

19.     At all times pertinent hereto Defendant and one or more of the fictitious party Defendants had a duty to sell food that was merchantable.

20.     At all times pertinent hereto Defendant and one or more of the fictitious party Defendants had a duty to sell food that was not unreasonably dangerous.

21.     At all times pertinent hereto Defendant and one or more of the fictitious party Defendants, had a duty to exercise the same degree of care that Defendant and its employees would exercise in the selection and preparation of food for their own private table.

22.     Defendants breached their duties to exercise reasonable care in the preparation of the food served to Plaintiff, to sell food that was merchantable, to sell food that was not unreasonably dangerous and to exercise the same degree of care that Defendants would exercise in the selection and preparation of food for their own private table by negligently causing, permitting, allowing a condom to be served to Plaintiff with her French toast.

23.     The negligent conduct of all Defendants is the actual and proximate cause of the Plaintiff's injuries and damages stated herein.

6

24.     As a result of the Defendants' negligence, the Plaintiff has suffered injuries and damages including, but not limited to physical ailments; physical pain and suffering; severe mental anguish and medical expenses.

**WHEREFORE**, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

## COUNT II
## WANTONNESS

25.     The Plaintiff re-alleges the paragraphs above as if set out in full herein.

26.     Defendant and its employees and one or more of the fictitious party Defendants breached their duties to exercise reasonable care in the preparation of the food served to Plaintiff, to sell food that was merchantable, to duty to sell food that was not unreasonably dangerous and to exercise the same degree of care that Defendant and its employees and one or more of the fictitious party Defendants, would exercise in the selection and preparation of food for their own private table by reckless or wantonly causing, permitting, allowing a condom to be served to Plaintiff with her French toast.

27.     The reckless and/or wanton conduct of the Defendants is the actual and proximate cause of the Plaintiff's injuries and damages stated herein.

28.     As a result of the Defendants' reckless and/or wanton conduct, the Plaintiff has suffered injuries and damages including, but not limited to physical ailments; physical pain and suffering; severe mental anguish and medical expenses. The Plaintiff claims damages, both compensatory and punitive, against the Defendants for the reckless and/or wanton actions and/or inactions described herein.

**WHEREFORE**, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

**COUNT III**
**NEGLIGENT/WANTON HIRING, TRAINING, AND SUPERVISION**

29.     The Plaintiff re-alleges the paragraphs above as if fully set out herein.

30.     The Plaintiff alleges that the Defendant and one or more of the fictitious party Defendants failed to exercise proper care and diligence to ensure that their agents, servants and/or employees who were responsible for preparing and serving the food at issue served and/or prepared food that is merchantable, not unreasonably dangerous and prepared in such a way as those agents, servants and/or employees would prepare food for their own private tables.

31.     Defendants had a duty to ensure that all employees entrusted with the preparation of food at the premises at issue were adequately hired, trained and/or supervised to prepare and serve such food in a safe and responsible manner. Defendant is therefore responsible for all acts committed by those employees who were not adequately hired, trained and/or supervised to maintain said premises in a responsible manner, within the line and scope of their employment and of their agency.

32.     The Defendants' failure to exercise proper care and diligence to ensure their agents, servants and/or employees who prepared and served food at the subject premises is the actual and proximate cause of Plaintiff's injuries.

33.    As a result of the Defendants' failure to exercise proper care and diligence to ensure their agents, servants and/or employees who prepared and served food at the subject premises would do so in a careful and responsible manner, was the proximate cause of Plaintiff's injuries.

34.    The Plaintiff has suffered injuries and damages including, but not limited to physical ailments; physical pain and suffering; severe mental anguish and medical expenses.

**WHEREFORE**, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

## COUNT V

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

35.    The Plaintiff re-alleges the paragraphs above as if fully set out herein.

36.    At all times pertinent to the subject action the Defendant KMG Enterprises, Inc. and one or more of the fictitious party Defendants were in the business of selling prepared food items such as the French toast the Plaintiff ordered and which was served to her by Defendant's employees.

37.    This French toast sold to Plaintiff contained an unwrapped condom and as such was not fit for consumption.

38.    Defendants' failure to serve Plaintiff food that was not fit for consumption is a beach of the implied warranty of merchantability of said food.

39.    Defendants' breach of the implied warranty of merchantability of the French toast served to Plaintiff was the actual and proximate cause of Plaintiff's injuries.

9

40.     As a result of the Defendants' breach of the implied warranty of merchantability, the Plaintiff has suffered injuries and damages including, but not limited to physical ailments; physical pain and suffering; severe mental anguish and medical expenses. The Plaintiff claims damages, both compensatory and punitive, against the Defendants for the reckless and/or wanton actions and/or inactions described herein.

**WHEREFORE**, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

## COUNT VI

## ALABAMA EXTENDED MANUFACTUERS LIABLITY DOCTRINE

41.     The Plaintiff re-alleges the paragraphs above as if fully set out herein.

42.     At the aforesaid time and place, and for some time prior thereto, the Defendant and one or more of the fictitious party Defendants were engaged in the business of preparing and selling food products for the consumption of members of the general public, in this case that food product was French toast.  Said Defendants, during said period of time and for valuable consideration, created, manufactured, sold, and/or distributed the French toast, including some or all of the ingredients used to make the subject French toast, which led to Plaintiff's injuries.

43.     At all times pertinent to this Complaint, the French toast served was substantially in the same condition as when manufactured, sold, and/or distributed, and was being consumed in a manner that was foreseeable.  The subject French toast was not reasonably safe when consumed in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous to the

human body when being so consumed.  Said Defendants knew, or in the exercise of reasonable care should have known, that said French toast was unreasonably dangerous to the human body when being so consumed in the foreseeable manner.

44.    The foregoing wrongful conduct of said Defendants, was the approximate cause of Plaintiff's injuries as mentioned herein and rendered said Defendants liable to the Plaintiff pursuant to the Alabama Extended Manufactures Liability Doctrine.

**WHEREFORE**, the above premises considered, the Plaintiff demands judgment against the Defendants, separately and severally, in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

*/s/    Sara L. Williams*
Sara L. Williams (WIL363)
Alexander Shunnarah (SHU019)
Attorneys for Plaintiff


OF COUNSEL:
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8140
Facsimile:      (205) 983-8440
Email:          swilliams@asilpc.com

## REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the **_Clerk_** direct service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

KMG Enterprises d/b/a IHOP#4418
c/o Karen J. Garrett
17619 W 66th Terr
Shawnee, Kansas 66217

12

DOCUMENT 13

ELECTRONICALLY FILED
3/27/2017 3:05 PM
01-CV-2017-901229.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **DEMETRIA HANNAH,** ) | |
| **an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:** _____ |
| ) | |
| **KMG ENTERPRISES, INC. d/b/a** ) | |
| **IHOP #4418, a foreign corporation;** ) | |
| ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT KMG ENTERPRISES, INC.

COMES NOW Plaintiff in the above-styled cause and, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, propounds to Defendant, KMG Enterprises, Inc. d/b/a IHOP #4418, the following interrogatories to be answered and responded to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter and (b.) matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which:  (a.) you know that the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence at IHOP #4418, located in Jefferson County, Alabama; which caused injury to Plaintiff.

**INTERROGATORIES**

1.      Are you named correctly in the complaint?  If not, how should you be correctly designated in an action at law?

**RESPONSE:**

2.     Please list and identify each employee of this Defendant who has knowledge, in any way, of the incident made the basis of this suit.

**RESPONSE:**

3.     Please state the most current information regarding the name, address and telephone number of every employee who worked on February 19, 2017, at the IHOP Restaurant #4418, located in Jefferson County, Alabama; where the incident made the basis of this suit occurred and state his/her position and job responsibilities.

**RESPONSE:**

4.     Please identify each person who has knowledge concerning the facts surrounding the incident made the basis of this suit.

**RESPONSE:**

5.     Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

**RESPONSE:**

6.     Please identify the person, firm and/or corporation who was responsible for the preparation of the food Plaintiff was served on the date of the subject incident.

**RESPONSE:**

7.     Please identify the person, firm and/or corporation who was responsible for serving the food Plaintiff was served on the date of the subject incident.

**RESPONSE:**

8.      Please identify the ingredients utilized to make the French toast served to Plaintiff on the date of the subject incident, include in your response any and all manufacturers of those ingredients.

**RESPONSE:**

9.      Describe in detail how this Defendant's employees are instructed to make the French toast dish that was ordered by Plaintiff on the date of the subject incident, including in your response the name of the manufacturer or distributor for any and all products utilized during this process.

**RESPONSE:**

10.      Identify whether or not this Defendant served frozen French toast to the Plaintiff on the date of the subject incident made the basis of Plaintiff's Complaint.  If the response is in the affirmative please identify the names of the manufacturer and/or distributor of said products.

**RESPONSE:**

11.      If this Defendant utilizes a video surveillance system in the subject premises, identify each and every area of the subject premises that can be observed as a result of said video surveillance system.

**RESPONSE:**


12.      Please identify the full name of any and all employees of this Defendant who would have had access to the kitchen on the date of the subject incident.  Include in your response the address and telephone number of any non-managerial employee.

**RESPONSE:**

- 4 -

13.     Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts.  Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

**RESPONSE:**


14.     Please state in detail each and every fact known to you or made known to you through third parties concerning how the incident made the basis of this suit occurred and identify each said person.

**RESPONSE:**

15.     If you contend that Plaintiff, Demetria Hannah, was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

16.     If you contend that Plaintiff, Demetria Hannah, assumed the risk of her injuries, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**


17.     If you contend the condom in the French toast served to Plaintiff, Demetria Hanna was open and obvious, then please state each and every fact upon which you rely.

**RESPONSE:**

18.     Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the presence of a condom in the French toast served to Demetria Hannah on February 19, 2017.

**RESPONSE:**

19.     Please state whether you have any policy, procedure or safety program instituted aimed at preventing and/or detecting the presence of foreign objects in food.  If so, please state the substance of said policy, procedure or safety program.

**RESPONSE:**

20.     Please state precisely and descriptively the location at the store where the event made the basis of this suit occurred.

**RESPONSE:**

21.     Please identify by name and address the individual responsible for answering these interrogatories.

**RESPONSE:**

22.     Have you been advised that these interrogatories and the accompanying requests for production are required to be answered under oath?

**RESPONSE:**

23.     Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

**RESPONSE:**

24.     For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

**RESPONSE:**


*/s/    Sara L. Williams*
Sara L. Williams (WIL363)
Alexander Shunnarah (SHU019)
Attorneys for Plaintiff


OF COUNSEL:
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:         (205) 983-8140
Facsimile:    (205) 983-8440
Email:         swilliams@asilpc.com



 **TO BE SERVED ALONG WITH THE COMPLAINT AS FOLLOWS:**

KMG Enterprises d/b/a IHOP#4418
c/o Karen J. Garrett
17619 W 66th Terr
Shawnee, Kansas 66217

DOCUMENT 40

ELECTRONICALLY FILED
3/27/2017 3:05 PM
01-CV-2017-901229.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

| | |
|---|---|
| **DEMETRIA HANNAH,** ) | |
| **an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO.:** _____ |
| ) | |
| **KMG ENTERPRISES, INC. d/b/a** ) | |
| **IHOP #4418, a foreign corporation;** ) | |
| ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT KMG ENTERPRISES, INC.**

COMES NOW Plaintiff in the above-styled cause and, pursuant to the ALABAMA

RULES OF CIVIL PROCEDURE, propounds to Defendant, KMG Enterprises, Inc. d/b/a IHOP

#4418, the following requests for production of documents to be answered and responded

to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

You are reminded that under the provision of Rule 26(e), you are under a duty to

reasonably supplement your responses with respect to any question directly addressed to:

(a.) the identity and location of persons having knowledge of discoverable matter and (b.)

matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain

information upon the basis of which:  (a.) you know that the response was incorrect when

made, or (b.) you know that the response, though correct when made, is no longer true

and the circumstances are such that a failure to amend this response is, in substance, a

knowing concealment.

DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian.  If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence at IHOP #4418, located in Jefferson County, Alabama; which caused injury to Plaintiff.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to

any and all documentation of the events surrounding the incident made the basis of this suit.

**RESPONSE:**

2.      Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

**RESPONSE:**

3.      Please produce a complete and accurate copy of any security and/or surveillance video for IHOP #4418 on February 19, 2017 and the seven days proceeding that date.

**RESPONSE:**


4.      Please produce a copy of any still color photographs taken of Plaintiff, Demetria Hannah, at any time since the incident that is the basis of this suit.

**RESPONSE:**

5.      Please produce a complete and accurate copy of any policy, procedure or safety program in place at the time of the incident made the basis of this suit, regarding the prevention and detection of foreign substances/objects in the food products served at the subject premises where the incident made the basis of this suit occurred.

**RESPONSE:**

6.      Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

**RESPONSE:**

7.      Please produce a complete and accurate copy of the time sheets, punch cards or other method for accounting for your employees present and for their time worked on February 19, 2017.

**RESPONSE:**

8.      Please produce a complete and accurate transcript of any statements obtained from Plaintiff, Demetria Hannah.

**RESPONSE:**


9.      Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

**RESPONSE:**

10.     Please produce a complete and accurate transcript of any correspondence between you and Plaintiff, Demetria Hannah, or her representative or between your representative and Plaintiff, Demetria Hannah, occurring before Plaintiff filed this lawsuit.

**RESPONSE:**

11.     Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

**RESPONSE:**

12.     Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

**RESPONSE:**

13.     Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

**RESPONSE:**

14.     Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to this Defendant in the subject litigation.

**RESPONSE:**

15.     Please produce a copy of all records obtained regarding Plaintiff.  [You have a continuing duty to supplement this request.  Additionally, please consider this a formal request for all records obtained pursuant to Rule 45 of the ALABAMA RULES OF CIVIL PROCEDURE].

**RESPONSE:**

16.     Please produce a copy of any and all food inspection logs relating to the food products served to Plaintiff for IHOP #4418 for the periods of February 1, 2017 through February 28, 2017.

**RESPONSE:**

17.     Please produce a copy of any and all incident reports involving complaints of foreign substances being found in the food of customers of IHOP restaurant #4418 from February 1, 2011 through March 1, 2017.

**RESPONSE:**

18.     Please produce a copy of complete personnel records for any and all employees who worked or were scheduled to work at IHOP restaurant #4418 on February 19, 2017.

**RESPONSE:**

19.     Please produce a copy of any and all store policies or operations manuals related to the operations of IHOP restaurant #4418.

**RESPONSE:**

20.     Produce a copy of any and all photographs obtained or taken by this Defendant or a representative of this Defendant of the Plaintiff or any evidence related to the subject incident.

**RESPONSE:**

21.     Produce a copy of any and all documents this Defendant provides to this Defendant's employees regarding the detection and prevention of foreign objects in customer's food products.

**RESPONSE:**

22.     Produce a copy of any and all correspondence exchanged between this Defendant and any manufacturer or distributer of any of the food products contained within the French toast served to Plaintiff on the subject date.

**RESPONSE:**

23.     Produce a copy of any and all documents that reflect the identities of any and all manufacturers or distributors of any food products utilized to create the French toast that was served to Plaintiff on the date of the subject incident.

**RESPONSE:**

24.     Produce a copy of any and all documents that reflect this Defendant's instructions to its employees regarding the preparation of the French toast dish that was served to Plaintiff on the date of the subject incident.

**RESPONSE:**

/s/    *Sara L. Williams*
Sara L. Williams (WIL363)
Alexander Shunnarah (SHU019)
Attorneys for Plaintiff


OF COUNSEL:
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8140
Facsimile:      (205) 983-8440
Email:          swilliams@asilpc.com



**TO BE SERVED ALONG WITH THE COMPLAINT AS FOLLOWS:**

KMG Enterprises d/b/a IHOP#4418
c/o Karen J. Garrett
17619 W 66th Terr
Shawnee, Kansas 66217



AlaFile E-Notice

01-CV-2017-901229.00

To:   SARA LEIGH WILLIAMS
      swilliams@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418
01-CV-2017-901229.00

The following alias summons was FILED on 4/13/2017 12:59:29 PM

Notice Date:      4/13/2017 12:59:29 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-901229.00

To:  KMG ENTERPRISES D/B/A IHOP #4418
     C/O KAREN J. GARRETT
     9420 W. 87TH TERRACE
     OVERLAND PARK, KS, 66212

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418
01-CV-2017-901229.00

The following alias summons was FILED on 4/13/2017 12:59:29 PM

Notice Date:     4/13/2017 12:59:29 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-901229.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418

**NOTICE TO:** KMG ENTERPRISES D/B/A IHOP #4418, C/O KAREN J. GARRETT 9420 W. 87TH TERRACE, OVERLAND PARK, KS 66212

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
SARA LEIGH WILLIAMS                                                                                      ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3626 Clairmont Avenue, BIRMINGHAM, AL 35222                          .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HANNAH DEMETRIA
pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 4/13/2017 12:59:29 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ SARA LEIGH WILLIAMS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*              *(Name of County)*

Alabama on _____ .
*(Date)*

_____        _____        _____
*(Type of Process Server)*            *(Server's Signature)*            *(Address of Server)*

_____        _____
*(Server's Printed Name)*            *(Phone Number of Server)*

APR 1 4 2017



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418

01-CV-2017-901229.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $8.13

Parties to be served by Certified Mail - Return Receipt Requested

KMG ENTERPRISES D/B/A IHOP #4418                          Postage: $8.13
C/O KAREN J. GARRETT
9420 W. 87TH TERRACE                ALIAS    DOO )
OVERLAND PARK, KS 66212          7015 3430 0000 1003 7996

Parties to be served by Certified M...

Parties to be served by First Class...

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

1. Article Addressed to:

KMG ENTERPRISES D/B/A IHOP #4418

C/O KAREN J. GARRETT

9420 W. 87TH TERRACE

OVERLAND PARK, KS 66212

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

ALIAS
Dool

CV-2017-901229 $S+C

9590 9402 2179 6193 9131 04

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7015 3430 0000 1003 7996

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

KMG ENTERPRISES D/B/A IHOP #4418

C/O KAREN J. GARRETT

9420 W. 87TH TERRACE

OVERLAND PARK, KS 66212

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2179 6193 9131 04

2. Article Number (Transfer from service label)

7015 3430 0000 1003 7996

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Stan Rell_
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

ALIAS
Dool

CV-2017-901229 BS+C

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



USPS TRACKING #

9590 9402 2179 6193 9131 04

**United States
Postal Service**

FILED IN OFFICE
Circuit CIVIL DIVISION

APR 25 2017

ANNE-MARIE ADAMS
CLERK

First-Class Mail
Postage & Fees Paid
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

## ANNE-MARIE ADAMS, CLERK
### JEFFERSON COUNTY CIRCUIT COURT
### CIVIL DIVISION - ROOM 400
### 716 NO. RICHARD ARRINGTON BLVD
## BIRMINGHAM, ALABAMA 35203

35203-010100



AlaFile E-Notice

01-CV-2017-901229.00

Judge: CAROLE C. SMITHERMAN

To:   WILLIAMS SARA LEIGH
swilliams@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418
01-CV-2017-901229.00

The following matter was served on 4/25/2017

D001 KMG ENTERPRISES D/B/A IHOP #4418
Corresponding To
CERTIFIED MAIL
ALIAS S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-901229.00

Judge: CAROLE C. SMITHERMAN

To:   SHUNNARAH OMAR ALEXANDER
      3626 CLAIRMONT AVE S
      BIRMINGHAM, AL, 35222-3508

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DEMETRIA HANNAH V. KMG ENTERPRISES D/B/A IHOP #4418
01-CV-2017-901229.00

The following matter was served on 4/25/2017

D001 KMG ENTERPRISES D/B/A IHOP #4418
Corresponding To
CERTIFIED MAIL
ALIAS S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEMETRIA HANNAH** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.:** |
| **KMG ENTERPRISES, INC. d/b/a** | ) | |
| **IHOP #4418,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

---

**NOTICE OF REMOVAL**

---

"EXHIBIT B"

Birmingham

# Woman claims in lawsuit she choked on condom in food at Homewood IHOP; restaurant VP disputes claim



By **Kent Faulk | kfaulk@al.com**
**Email the author** | **Follow on Twitter**
on April 24, 2017 at 5:45 PM, updated April 24, 2017 at 6:07 PM

A Jefferson County woman claims she choked on a condom in her French toast at the International House of Pancakes in Homewood.

The negligence lawsuit, filed in Jefferson County Circuit Court on March 27, is assigned to Circuit Judge Carole Smitherman. It names KMG Enterprises Inc., doing business as IHOP store number 4418, as a defendant.

A KMG official on Monday fired back at the lawsuit.

"We absolutely deny this claim. It's a total fabrication," said Alan Garrett, Vice President of KMG Enterprises Inc.

Demetria Hannah claims that on Feb. 19 she and her husband, and her minor grandson and granddaughter went to the IHOP restaurant located at 221 State Farm Parkway in Homewood to have dinner at the request of her granddaughter.

5/9/2017
Woman claims in lawsuit she choked on condom in food at Homewood IHOP restaurant | AL.com
Case 2:17-cv-00756-AKK Document 1 Filed 05/09/17 Page 77 of 78

Hannah ordered French toast and sausage, the lawsuit states.

"While consuming her meal the Plaintiff (Hannah) felt something become lodged in her throat, which caused her to have difficulty breathing," the lawsuit states. "As a result, she ran to the women's bathroom along with her minor grandson. While in the women's bathroom the Plaintiff attempted to dislodge the material in her throat by vomiting."

# "We absolutely deny this claim. It's a total fabrication," - Alan Garrett, Vice President of KMG Enterprises Inc.

Hannah was unable to dislodge the material lodged in her throat and "proceeded to place her fingers in the back of her throat in an attempt to pull out the material," the lawsuit states.

Hannah's minor grandson went and retrieved the Plaintiff's husband who also observed the condom and contacted the Homewood Police Department. The Plaintiff was treated by emergency medical personnel and transported to the hospital where she received additional treatment.

Among the claims in the lawsuit are negligence and wantoness. The lawsuit states that IHOP "breached their duties to exercise reasonable care in the preparation of the food served to plaintiff, to sell food that was merchantable, to duty to sell food that was not unreasonably dangerous."

The lawsuit also states that the restaurant had "a duty to ensure that all employees entrusted with the preparation of food at the premises at issue were adequately hired, trained and/or supervised to prepare and serve such food in a safe and responsible manner."

The lawsuit was filed by Alexander Shunnarah Personal Injury Attorneys, P.C. on behalf of Hannah.

"The emotional distress that Mrs. Hannah has been forced to cope with is horrendous," Alexander Shunnarah, President and CEO of the firm, stated in a statement to AL.com. "Mrs. Hannah was simply attempting to enjoy a peaceful day with her husband and grandchildren, but is now faced with the burden of heavy emotional damage because of the wrongful actions of IHOP. We will be fighting to ensure Mrs. Hannah receives justice and hopefully prevent anyone else from having to endure this situation in the future."

**IHOP Condom Lawsuit** by **KentFaulk** on Scribd

Registration on or use of this site constitutes acceptance of our **User Agreement** and **Privacy Policy**

© 2017 Alabama Media Group. All rights reserved (**About Us**).
The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior written permission of Alabama Media Group.

**Community Rules** apply to all content you upload or otherwise submit to this site.

**Ad Choices**